IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 14-106 |
| | ) |
| Shelby Jeffries, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.      Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Shelby Jeffries ("Jeffries") (ECF No. 861). The government filed a response in opposition to the motion (ECF No. 865), Jeffries filed a reply brief (ECF No. 866) and the motion is ripe for decision.

**II.     Procedural History**

On May 4, 2016, Jeffries pleaded guilty to count one of the second superseding indictment, i.e., conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, a Schedule I controlled substance, from December 2013 to April 2014, in violation of 21 U.S.C. § 846. The sentencing guideline range for a term of imprisonment in this case was 262 months to 327 months. (H.T. 3/31/2021 (ECF No. 774) at 15.)

On August 18, 2016, this court accepted the parties' binding plea agreement entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and sentenced Jeffries to a term of imprisonment of 10 years (120 months) and a term of supervised release of 5 years. (ECF No. 452 at 2-3.) In the binding plea agreement, the parties agreed to, among other things, the term of

imprisonment and term of supervised release. The government in the plea agreement agreed not to file an information, pursuant to 21 U.S.C. § 851, stating a prior conviction as a basis for increased punishment.

Jeffries began his term of supervised release on April 1, 2022. It expires on March 31, 2027. He has completed approximately 75% of his term. The probation office filed five reports of noncompliance by Jeffries with the terms of his supervision (ECF Nos. 807, 816, 824, 833, 845).[1]

**Discussion**

### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

---

[1] The reports are filed under seal and may not be accessible to defense counsel. The probation office did not seek to revoke Jeffries' supervised release for the reported violations.

[2] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The 2025 Sentencing Guidelines contain a new provision, §5D1.4(b), and comments with respect to early termination of supervised release:

> (b) Early Termination.--Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. 3583(e)(1).

U.S.S.G. § 5D1.4.

Comment 1(A) reflects that the "individualized assessment" under this section involves "the same factors used to determine whether to impose a term of supervised release." Comment 1(B) outlines factors that the court "may wish to consider":

3

>(B) Early Termination.--When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
>(i) any history of court-reported violations over the term of supervision;
>(ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>(iii) the defendant's substantial compliance with all conditions of supervision;
>(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4 (commentary).[3]

The official commentary to the 2025 amendments stated:

> *New §5D1.4 (Modification, Early Termination, and Extension of Supervised Release (Policy Statement))*
>
> The Commission sought to address with this amendment potential issues surrounding the fact that the terms and conditions of supervised release are imposed at original sentencing, often years before the defendant begins supervision. People and their circumstances may change in and after prison, such that the original term and conditions may no longer be appropriate after the defendant's release. Courts are encouraged to consider modifying the terms and conditions of supervised release whenever changed individual circumstances so warrant.

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf at 53-54.

Prior to the recent guideline change noted above, the Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen

---

[3] The parties did not directly address each factor. The court has considered the factors to the extent the record enables it to do so. In particular, the court places weight on the history of violations over the term of Jeffries' supervision.

circumstances' warrant it." Melvin, 978 F.3d at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[4] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) and, to the extent the record before the court contains sufficient facts, U.S.S.G. § 5D1.4(b) (a policy statement) to determine whether early termination of Jeffries's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Jeffries has an extensive criminal history (*see* Presentence Investigation Report ("PIR"), ECF No. 449) and was part of a large heroin distribution conspiracy. The offense of conviction was serious because it involved more than one kilogram of heroin, which has devastating effects

---

[4] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

on the community. Jeffries would have been in criminal history category III, but was determined to be a career offender in the PIR, which placed him in criminal history category VI.

Based upon the representations by Jeffries in his motion, he has not had contact with law enforcement while on supervised release. He states that he is successfully rehabilitated , a productive member of the community, steadily employed, completed the Thinking for a Change program, and built a stable family life by marrying his longtime partner. He assists with local sports leagues.

Jeffries reports that he successfully completed the RDAP drug treatment program while in prison, although he received 6 months (not 12 months) off his sentence. On the other hand, as reflected by the reports of the probation officer dated 11/9/2022, 6/23/2023, 3/19/2024, 5/29/2024, 11/25/2024 and 3/24/2025, he has violated the conditions of his release on at least 5 occasions throughout the course of his supervision. Under those circumstances, despite the laudable progress Jeffries has made since his release from imprisonment, completion of his term of supervised release continues, at this time, to be the appropriate sentence in this case.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

In the plea agreement, Jeffries and the government agreed that 5 years of supervised release was appropriate. Continued supervision, in light of Jeffries' repeated violations, is important to provide deterrence and protect the public from future crimes by Jeffries. Jeffries has served about 75% of the term of supervised release imposed by the court. In light of the serious nature of Jeffries's criminal conduct and his extensive criminal history, including other felony drug convictions, and his violations while on supervised release, a reduction in the term of

supervised release would not adequately deter criminal conduct. In other words, a 5-year term of supervised release is still warranted to deter criminal conduct and protect the public and provide Jeffries with continued assistance to overcome his drug use.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

The statutory mandatory minimum term of supervised release is 5 years and the statutory maximum is life.  The applicable guideline range for a term of supervised release was 5 years. U.S.S.G. § 5D1.2(b) (1995).  As noted above, the court granted a significant downward variance in Jeffries's term of imprisonment and imposed a term of supervised release at the statutory mandatory minimum.  In light of the five reported violations of supervised release, this factor does not favor early termination of Jeffries's supervision.

> 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

The court imposed a 5-year term of supervised release in connection with a downward variance in Jeffries's prison term in the original sentence.  Early termination of the term of supervision – below the statutory mandatory minimum -- may create an unwarranted sentencing disparity between Jeffries and other defendants with similar records who have been found guilty of similar conduct, especially considering his five reported violations of supervised release.  This factor does not favor early termination of supervision.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

There are many victims of drug-trafficking offenses. The law, however, does not provide for restitution for Jeffries's crime. This factor is neutral.

### C.  Whether early termination is warranted and in the interest of justice

Jeffries asserts that since his release from incarceration he is succeeding in the community and has remained crime free. Jeffries' probation officer does not oppose this motion, but the government does. The court applauds Jeffries for his successful transition back into society in many respects. The court cannot overlook, however, the reports of his repeated violations of the conditions of his supervised release. The court encourages Jeffries to take advantage of the resources of the probation office to successfully avoid future violations.

Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release. United States v. Griffin, No. CR 21-385-6, 2021 WL 5917185, at *2 (W.D. Pa. Dec. 14, 2021). In addition, the fact of Jeffries's compliance with the other conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Jeffries argues that early termination of supervision is warranted because he received a 6-month, rather than the full 12-month, reduction in his prison sentence for completion of the RDAP program due to COVID. In evaluating that argument, the court also considers that it imposed a 142-month downward variance from the advisory guideline range in Jeffries' original prison sentence, based on the parties' plea agreement. Further, as explained above, Jeffries had five reported violations of the conditions of his supervision.

Jeffries's conduct and desire to better himself are commendable, but, considering the foregoing § 3553(a) and U.S.S.G. § 5D1.4analysis, especially the serious nature of his crime, his five reported violations while on supervision, and the need to deter criminal conduct, the interest of justice at this time is best served by Jeffries completing his term of supervised release.

Jeffries did not articulate any specific hardship posed by his current conditions of supervision, other than a vague reference to stigma and embarrassment (ECF No. 861 at 4). If revisions of his conditions become necessary, for instance to accommodate his work, Jeffries should communicate with his probation officer to resolve that issue. Jeffries did not identify any specific hardships in his current motion. The court encourages Jeffries to continue the progress he is making toward a successful reentry.

### III.  Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 861), albeit without prejudice to seek relief in the future if Jeffries is able to identify how the factors identified in U.S.S.G. § 5D1.4 and § 3553 favor early termination of his supervised release.

An appropriate order follows.

BY THE COURT:

Dated: January 30, 2026

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge